**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

OFFICE OF THE FEDERAL PUBLIC
DEFENDER, MIDDLE DISTRICT OF
TENNESSEE,
810 Broadway
Suite 200
Nashville, TN 37203

*Plaintiff,*

v.

UNITED STATES DEPARTMENT OF
JUSTICE,
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530

And

FEDERAL BUREAU OF PRISONS
320 First St., N.W.
Washington, D.C. 20534
*Defendants.*

Civil Action No. _____

## COMPLAINT FOR DECLATORY AND INJUNCTIVE RELIEF

1. Plaintiff, Office of the Federal Public Defender, Middle District of Tennessee ("OFPD"), brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, against Defendants United States Department of Justice ("DOJ") and Federal Bureau of Prisons ("BOP") for documents relating to the pending motion by Ricky Fackrell for habeas corpus under 28 U.S.C. § 2255, a petition for executive clemency, and any further available legal remedies available to Mr. Fackrell.

2. Defendants violated FOIA by failing to respond to OFPD's August 11, 2022 FOIA request within the time period allotted by statute, 5 U.S.C. §§ 552(a)(6)(A)(i), (B)(i)–(iii), and by failing to disclose the requested records.

3. Although Defendants granted Plaintiff's request for expedited processing and indicated processing would be completed within a six-month period, to date Defendants have failed to provide any records to Plaintiff or to make a determination on Plaintiff's FOIA request.

4. OFPD requests declaratory relief that Defendants have violated FOIA, and injunctive relief requiring Defendants to immediately process and release the requested records at no cost to OFPD.

## Jurisdiction and Venue

5. This Court has subject matter jurisdiction under 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i). The Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201(a), and 2202.

6. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B), which permits a plaintiff to bring an action such as this one in the United States District Court for the District of Columbia.

## Parties

7. Plaintiff OFPD was created in 1978 by the United States District Court for the Middle District of Tennessee under the authority of the Criminal Justice Act of 1964 (CJA), 18 U.S.C. § 3006A, to provide legal representation to those persons accused of a crime against the United States who are financially unable to afford private counsel.

8. Defendant DOJ is an agency within the meaning of 5 U.S.C. § 552(f)(1). DOJ maintains administrative control and oversight over BOP, which is a component and subordinate entity of DOJ.

9. Defendant BOP is an agency within the U.S. Department of Justice and is an agency within the meaning of 5 U.S.C. § 552(f)(1). BOP and DOJ have possession, custody, and control of the requested records.

## Factual Background

10. On June 2, 2016, a grand jury returned a two-count indictment charging Ricky Allen Fackrell and a co-defendant, inmates of the United States Penitentiary in Beaumont, Texas, with: (1) the 2014 unlawful killing of a fellow inmate, Leo Johns, with premeditation and malice aforethought, in violation of 18 U.S.C. §§ 1111 and 2, and (2) conspiracy to kill Johns with premeditation and malice aforethought, in violation of 18 U.S.C. §§ 1117, 1111, and 2.

11. Mr. Fackrell and his co-defendant were tried on these charges in 2018 in the United States District Court for the Eastern District of Texas, in Beaumont. Case No. 1:16-cr-00026-MAC-ZJH-2.

12. Mr. Fackrell was found guilty of these charges and sentenced to death. The district court denied Mr. Fackrell's motions challenging the verdict and sentence. The United States Court of Appeals for the Fifth Circuit affirmed those decisions. *United States v. Fackrell*, 991 F.3d 589 (5th Cir. 2021), *cert. denied*, 2022 U.S. LEXIS 1549 (U.S. Mar. 21, 2022).

13. Plaintiff has been appointed to represent Mr. Fackrell in federal habeas proceedings in the United States District Court for the Eastern District of Texas. *Fackrell v. United States*, Case No. 1:23-cv-00119-MAC-ZJH, Doc. No. 5. As part of its representation of Mr. Fackrell, Plaintiff has filed several FOIA requests of federal agencies seeking records relevant to issues that have or may be raised in a petition for habeas corpus. One of those requests was to the BOP.

14. On August 11, 2022, Houston Goddard, an Assistant Federal Public Defender with the OFPD, filed a FOIA request on behalf of OFPD with BOP, seeking records attached in Exhibit 1.

15. OFPD sought the records for use in representing Mr. Fackrell.

16.     OFPD further requested that processing of the request be expedited pursuant to 5 U.S.C. § 552(a)(6)(E)(v) because Mr. Fackrell has been sentenced to death.

17.     OFPD sought a fee waiver on the basis that the requested records are likely to contribute to the understanding of BOP's operations and activities regarding enforcement of federal law and this information is not primarily in OFPD's commercial interest. 5 U.S.C. § 552(a)(4)(A)(iii).

18.     In an e-mail response dated September 19, 2022, BOP acknowledged receiving OFPD's request and assigned the request the tracking number 2022-05919. BOP also acknowledged that the request met the requirements for processing on an expedited basis and stated that "the expedited process may take up to six months."

19.     OFPD has received no other communication from BOP since September 19, 2022, nor has OFPD received any records or determinations from BOP on its FOIA request.

## Statutory Background

20.     FOIA provides that, "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A).

21.     BOP was obligated to respond to Plaintiff's FOIA in no less than 20 days (excluding Saturdays, Sundays, and legal public holidays). 5 U.S.C. § 552(a)(6)(A)(i). It did not do so.

22.     BOP granted the Plaintiff's request for expedited process but failed to provide the responsive records within the six months BOP promised in its acknowledgement.

4

## OFPD'S CLAIM FOR RELIEF

### Defendants' Unlawful Withholding of Records
### Responsive to OFPD's FOIA Request

23. OFPD repeats and realleges the preceding paragraphs.

24. In its August 11, 2022 FOIA request, OFPD properly asked for records within the possession, custody, and control of BOP and DOJ.

25. Defendants have failed to respond to OFPD's request within the timeframe dictated by statute. 5 U.S.C. §§ 552(a)(6)(A)(i), (B)(i)–(iii).

26. Defendants granted expedition and failed to respond to OFPD's request.

27. Defendants are unlawfully withholding records responsive to OFPD's request.

28. By failing to timely release all requested records in full to OFPD, Defendants are in violation of FOIA.

29. Because Defendants failed to timely respond to OFPD's request, and did not issue an adverse determination, OFPD has constructively exhausted its administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

30. OFPD is therefore entitled to injunctive and declaratory relief requiring immediate processing and disclosure of the requested records at no cost to OFPD.

### Requested Relief

WHEREFORE, OFPD respectfully requests that this Court:

1. Order Defendants to immediately and fully process OFPD's August 11, 2022 FOIA request and to disclose all non-exempt records to OFPD at no cost to OFPD;

2. Issue a declaration that OFPD is entitled to immediate and expedited processing and disclosure of the requested records;

3. Grant OFPD's fee waiver request pursuant to 5 U.S.C. § 552(a)(4)(A);

4. Retain jurisdiction of this action to ensure that no agency records are wrongfully withheld;

5. Award OFPD its costs and reasonable attorneys' fees in this action; and

6. Grant such other relief as the Court may deem just and proper.

Dated: November 21, 2023

Respectfully Submitted,

*/s/ Jeffrey S. Gutman*

Jeffrey S. Gutman (D.C. Bar No. 416954)
Professor of Clinical Law
Anne Weismann (D.C. Bar No. 298190)
Professorial Lecturer in Law
Emily Conn (LCvR 83.4 Student-Attorney)
Aalekh Kaswala (LCvR 83.4 Student-Attorney)
Public Justice Advocacy Clinic
The George Washington University Law School
2000 G Street NW
Washington, DC 20052
Telephone: 202-994-5797
Fax: 202-994-3362
jgutman@law.gwu.edu